UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUL 12 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:17CR309 HEA/SPM |
| DEBORAH LEE DOWDEN, | ) |
| Defendant. | ) |

### INDICTMENT

The Grand Jury charges that:

1. At all times relevant to this Indictment, defendant Deborah Lee Dowden was a resident of St. Charles County, Missouri. Defendant was a licensed medical doctor who maintained a medical office at two addresses in St. Louis County, Missouri.

2. In Missouri, numerous companies operate private "health care benefit programs" within the meaning of 18 U.S.C. § 24(b) that affect interstate commerce and provide citizens of Missouri with medical benefits, items, and services.

3. When presenting claims for reimbursement to health care benefit programs for the medical services they have provided to patients, doctors use five digit numerical codes from the Physicians Current Procedural Terminology ("CPT") book to describe the service they provided. CPT codes are developed by the American Medical Association and physicians of every specialty, who determine appropriate definitions for the CPT codes. By submitting claims using these CPT codes, providers represent to the programs that the services described by the codes were, in fact, provided.

4. Reimbursement rates for the CPT codes are typically set through a "fee schedule" created by each program. The fee schedule controls the amount the program will reimburse the

provider for a given service. The fee for a given service may vary depending on the type of health care professional providing the service.

5. CPT codes 99211-215 for the billing of office visits by doctors, with these codes covering services for the various lengths of time that a doctor typically spends face-to-face with the patient. Office visit codes 99212-15 involve office visits lasting between 10-40 minutes, with the CPT guidance for each of these codes specifically stating that "the physician" typically spends the relevant time periods specified in each of these codes "face-to-face with the patient and/or family."

6. On June 18, 2011, the Missouri State Board of Registration for the Healing Arts ("Missouri Board") suspended defendant's medical license after she failed to pay her state taxes. On January 30, 2012, the Missouri Board reinstated defendant's Missouri medical license. On June 11, 2013, the Missouri Board again suspended defendant's medical license. On January 31, 2014, defendant's medical license expired without being reinstated. As such, defendant has had no valid medical license in Missouri since June 11, 2013 through the date of this Indictment's presentation.

7. After defendant's license suspension on June 11, 2013, defendant continued to submit claims for reimbursement to health care benefit programs regarding Missouri patients even though she did not have an active medical license. Eventually, at some time in 2016, defendant closed her medical office, but continued to submit claims for reimbursement to health care benefit programs regarding Missouri patients even though she had neither an office nor a medical license with which to provide medical services.

8. Health care benefit programs do not knowingly pay for medical services, items, and benefits that are provided by unlicensed health care providers, and also do not knowingly pay for medical services, items, and benefits that are not actually provided to program members. Accordingly, defendant's loss of her medical license and decision to close her office were

material to health care benefit programs, as these events affected whether or not the programs would pay or deny claims for reimbursement from the defendant.

## Counts 1-3

9. Paragraphs 1 through 8 are incorporated by reference, as if fully set forth herein.

10. On or about the dates indicated below, in St. Louis, Missouri, in the Eastern Division of the Eastern District of Missouri, and elsewhere,

**DEBORAH LEE DOWDEN,**

the defendant herein, knowingly and willfully made and used materially false writings and documents, knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items, and services involving health care benefit programs as defined in 18 U.S.C. § 24(b), in violation of 18 U.S.C. § 1035, in that the defendant falsely stated and represented in claims for reimbursement that she had provided medical services on or about certain dates for certain patients, when the defendant then and there well knew said statements and representations were false, fictitious, and fraudulent.

| COUNT | DATE OF OFFENSE | CPT CODE | PATIENT INITIALS | HEALTH CARE BENEFIT PROGRAM |
|---|---|---|---|---|
| 1 | September 6, 2016 | 99214 (office visit) | M.D. | Anthem BCBS |
| 2 | August 26, 2016 | 99214 (office visit) | O.L. | Anthem BCBS |
| 3 | August 12, 2016 | 99214 (office visit) | P.C. | Anthem BCBS |

All in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

A TRUE BILL.

_____
FOREPERSON

CARRIE COSTANTIN
Acting United States Attorney

_____
A.U.S.A. ANDREW J. LAY, #39937

3